# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SHAWN MILLER,

    Petitioner,

        v.

KIM BUTLER,

    Respondent.

No. 15 C 11733
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Petitioner Shawn Miller is serving a 60-year prison sentence for heinous battery and second-degree murder. In this action, Miller challenges his state-court conviction by filing a habeas petition pursuant to 28 U.S.C. § 2254 (the "Petition"). Because it is time-barred under 28 U.S.C. § 2244(d), I am denying the Petition and declining to issue a certificate of appealability.

Miller was convicted in a 2008 bench trial in Cook County, Illinois. After the appellate court affirmed his conviction, Miller filed a petition for leave to appeal (PLA) that the Illinois Supreme Court denied on May 25, 2011. Miller did not seek certiorari from the Supreme Court of the United States, and his 90-day deadline for doing so expired on August 23, 2011.

Miller filed a state postconviction petition on January 12, 2012. The trial court dismissed his petition and the appellate court affirmed. Miller then filed a postconviction PLA that was denied on September 24, 2014.

Federal habeas petitions are governed by a one-year limitation period. 28 U.S.C. § 2244(d)(1); *see Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005). Section 2244(d)(1)(A) provides a default starting date for the one-year limitation period: the day a conviction becomes final. Here, Miller's convictions became final when the ninety-day period for seeking certiorari

1

on direct review expired: August 23, 2011. From there, 141 untolled days lapsed before petitioner filed a state postconviction petition on January 12, 2012. Under § 2244(d)(2), that filing tolled the limitation period until Miller's postconviction PLA was denied on September 24, 2014. *See Lawrence v. Florida*, 549 U.S. 327, 331-36 (2007).

Because 141 days of untolled time had already passed, Miller had 224 days from September 24, 2014, to file a federal habeas petition. By filing the Petition on December 7, 2015, Miller instead took 439 days and missed the deadline.

As fully explained above, all of Miller's claims are time-barred. Nothing in the record suggests that reasonable jurists would debate the outcome of the Petition or find a reason to encourage Miller to proceed further. Accordingly, I decline to issue Miller a certificate of appealability.

ENTER:

*/s/ James B. Zagel*

James B. Zagel
United States District Judge

DATE: April 25, 2016